UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN A. HAWKINSON
    *Plaintiff*,

v.

EOIR
    *aka* EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
    a component of the US Department of Justice
    *Defendant*.

Civil Action No.
21-cv-11817



# COMPLAINT FOR INJUNCTIVE RELIEF

## INTRODUCTION

1. This is an action for the production of public records pursuant to the Freedom of Information Act ("FOIA"), 5 USC § 552.

2. As background, freelance reporter John A. Hawkinson (the "Plaintiff") has been seeking decisions of the Board of Immigration Appeals ("BIA") that address alternatives to detention (such as GPS ankle bracelets, etc.) related to 2019 litigation in Massachusetts federal district court (*Gilberto Pereira Brito et al. v. William Barr et al.* 415 F. Supp. 3d 258 (D. Mass No. 19-cv-11314-PBS, ECF No. 88) (*appeal pending*)).

3. A prior FOIA request ("the 2020 request") was previously the subject of litigation in this court, *Hawkinson v. Executive Office for Immigration Review*, No. 20-cv-12273-MPK, which was decided on Sept. 27, 2021, and concluded that EOIR, when asked merely to search for BIA decisions, was not required to search its native electronic repository of BIA decisions, but could instead search an error-prone database generated from printing and scanning such documents.

4. On Oct. 1, 2021, Plaintiff submitted a new FOIA request ("the Request") to EOIR (the

Executive Office for Immigration Review) (a component of the United States Department of Justice, "DOJ") (the "Defendant").

5. The Request sought native electronic Microsoft Word versions all Board of Immigration Appeals ("BIA") decisions within the BIA's "data library" or "shared network folders" that: date from December 1, 2019 through "present"; and originate from the Boston, MA or Hartford, CT immigration courts; and contain the text "alternatives to detention" or "alternatives-to-detention."

6. The Request sought a different type of record from the 2020 request (native Microsoft Word versions), and also covered a larger time period, and specified where Defendant was to search for them.

7. On Oct. 5, 2021 EOIR responded, claiming it was duplicative of the prior 2020 request, and therefore closed the request.

8. On Oct. 8, 2021, Plaintiff administratively appealed to DOJ's Office of Information Policy ("OIP").

9. As of Nov. 9, 2021, twenty business days have elapsed since the administrative appeal and OIP has not adjudicated the appeal, as required by the statute.

10. To date, Defendants has not released any record responsive to the Request.

11. Production of these records is important to understand how the Defendant is applying the *Pereira Brito* decision in practice.

## PARTIES

12. John A. Hawkinson, a freelance news reporter writing for *Cambridge Day*, is an individual reporter covering federal immigration litigation. He resides within the District of

Massachusetts.

13. EOIR is a component organization within DOJ, which is a department of the government of the United States of America.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction pursuant to 5 USC § 552(a)(4)(B) and 28 USC § 1331.

15. Venue lies in the District of Massachusetts pursuant to 5 USC § 552(a)(4)(B), including because it is the district in which Plaintiff resides.

16. Plaintiff has exhausted all required administrative remedies.

## FACTS

17. The Board of Immigration Appeals ("BIA") is an administrative appellate body within EOIR.

18. The BIA hears appeals from decisions of Immigration Judges.

19. On November 27, 2019 then-Chief Judge Saris of this Court issued an injunction in *Gilberto **Pereira Brito** et al. v. William **Barr** et al.* 415 F. Supp. 3d 258 (D. Mass No. 19-cv-11314-PBS, ECF No. 88) (*appeal pending*) requiring immigration judges to "consider alternative conditions of release" at immigration bond hearings held pursuant to 8 USC § 1226(a).

20. Subsequently, Plaintiff became aware that some subsequent BIA decisions had suggested alternative conditions need not be considered; Plaintiff sought relevant BIA decisions through FOIA.

21. Plaintiff filed the prior 2020 request on Oct. 20, 2020, and it was the subject of *Hawkinson v. Executive Office for Immigration Review*, No. 20-cv-12273-MPK, decided on Sept. 27, 2021.

22. In 20-cv-12273, Chief Magistrate Judge Kelley concluded that EOIR, when asked merely to search for BIA decisions, was not required to search its native electronic repository of BIA decisions, but could instead search an error-prone database generated from printing and scanning such documents.

23. Plaintiff then filed the Request on Oct. 1, 2021, and it was designated No. 2022-00208 by Defendant EOIR. A copy of the Request is attached hereto as Exhibit A.

24. Defendant denied the Request on Oct. 5, 2021. A copy of the denial is attached hereto as Exhibit B.

25. Still on Oct. 5, 2021, Plaintiff accepted Defendant's invitation to discuss the request using the messaging system of its on-line FOIA portal, and noted that the Oct. 2021 request specified a different location to be searched (thus a different type of record) and a larger temporal scope. A copy of this correspondence is attached hereto as Exhibit C.

26. On Oct. 6, 2021, Defendant responded stating "There is no precedent or authority permitting a requester to direct an agency where to search for records."

27. Defendants' response did not address whether the records sought were different in kind or different in scope.

28. Defendant's response is contained within Exhibit C.

29. On Oct. 8, 2021, Plaintiff administratively appealed to DOJ's Office of Information Policy ("OIP").

30. Plaintiff's administrative appeal was designated No. A-2022-00065 by OIP.

4

31. A copy of the administrative appeal is attached hereto as Exhibit D.

32. As of Nov. 9, 2021, twenty business days have elapsed since the administrative appeal and OIP has not adjudicated the appeal, as required by the statute.

## CLAIM FOR RELIEF

## COUNT I

### EOIR's Violation of FOIA 5 USC § 552

33. The foregoing allegations are re-alleged and incorporated herein.

34. Defendant EOIR has failed to make reasonable efforts to search for records sought by the Request.

35. Defendant EOIR has failed to produce records responsive to the Request.

36. Plaintiff is entitled to a waiver of all search, review, processing, and duplication fees in connection with the Request.

37. Accordingly, Plaintiff is entitled to an order compelling EOIR to produce records responsive to his FOIA request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks this Court to GRANT the following relief:

A. Declare that the documents sought by Plaintiff's FOIA request, as described in the foregoing paragraphs, are public under 5 USC § 552 and must be disclosed;

B. Order that Defendant shall produce the requested records forthwith, or alternatively on an expedited schedule established by the Court;

C. Enjoin Defendants from charging Plaintiff search, review, processing, and duplication fees in connection with responding to the Request;

D. Award Plaintiff costs in the action, as expressly permitted by FOIA; and

E. Should Plaintiff retain counsel and cease to proceed *pro se*, award Plaintiff reasonable attorney fees in this action, as expressly permitted by FOIA; and

F. Grant Plaintiff any such other relief as this Court may deem just and proper.

Respectfully Submitted,

PLAINTIFF,
JOHN A. HAWKINSON, *pro se*

/s/ John A. Hawkinson
John A. Hawkinson
Box 397103
Cambridge, MA 02139-7103
617-797-0250
jhawk@alum.MIT.EDU

Dated: November 9, 2021