# United States Court of Appeals
## For the First Circuit

No. 23-1830

JOHN A. HAWKINSON,

Plaintiff - Appellant,

v.

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, a component of the US Department of Justice,

Defendant - Appellee.

Before

Montecalvo, Rikelman, and Aframe,
Circuit Judges.

**JUDGMENT**

Entered: January 16, 2026

    Plaintiff-appellant John A. Hawkinson ("appellant") appeals from a district court decision granting summary judgment to the appellee, the Executive Office for Immigration Review ("appellee"), in the underlying Freedom of Information Act ("FOIA") matter, see 5 U.S.C. § 552. Applying de novo review and having carefully considered the parties' submissions and the record on appeal, we affirm, essentially for the reasons stated in Magistrate Judge Kelley's August 10, 2023, Memorandum and Order. See Moffat v. U.S. Dep't of Just., 716 F.3d 244, 250 (1st Cir. 2013) (standard of review and general FOIA principles); Maynard v. C.I.A., 986 F.2d 547, 563 (1st Cir. 1993) (explaining that, when addressing a FOIA request, "an agency need only provide a reasonably detailed affidavit setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials were searched, as well as a general description of the structure of the agency's file system demonstrating why further search would be overly burdensome") (internal quotation marks, alterations, and citations omitted); see also Mullane v. United States Dep't of Just., 113 F.4th 123, 135 (1st Cir. 2024) ("In general, an agency need not knock down every search design advanced by every requester.") (internal quotation marks omitted); Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985) (explaining that, when addressing a FOIA request, "it is not necessary to create a document that does not exist in order to satisfy [the] request" and that "the filing system which an agency uses is designed in most instances to serve its internal needs; in responding to a FOIA request, the agency is required to make a

diligent effort calculated to uncover the requested document but need not restructure its entire system in order to satisfy the request") (internal citations and alterations omitted).

In briefing, appellant has failed to develop any availing argument, rooted in the evidence in the summary judgment record and/or rooted in relevant precedent, suggesting that a genuine issue of material fact existed or that appellee was not entitled to judgment as a matter of law; thus, appellant has failed to demonstrate any basis to disturb the district court's grant of summary judgment in favor of appellee. See Moffat, 716 F.3d at 250 (summary judgment standard and principles); see also Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 30 (1st Cir. 2015) (court considers arguments actually developed in briefing); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
John A. Hawkinson
Donald Campbell Lockhart
Michael P. Sady
Rayford A. Farquhar
Michael L. Fitzgerald